**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| **eSignature Software, LLC**, | Case No. |
| Plaintiff, | Patent Case |
| v. | Jury Trial Demanded |
| **DocuSign Inc.**, | |
| Defendant. | |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff, eSignature Software, LLC ("eSignature"), through its attorney, Isaac Rabicoff, complains of DocuSign Inc. ("DocuSign") and alleges the following:

**PARTIES**

1. Plaintiff eSignature Software, LLC is a corporation organized and existing under the laws of Nevada that maintains its principal place of business at 600 South Third Street, Las Vegas, NV 89102.

2. Defendant DocuSign Inc. is a corporation organized and existing under the laws of Delaware that maintains its principal place of business at 221 Main Street, Suite 1000, San Francisco, CA 94105.

**JURISDICTION**

3. This is an action for patent infringement arises under the patent laws of the United States, Title 35 of the United States Code.

4. This Court has exclusive subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has personal jurisdiction over DocuSign because it has engaged in systematic and continuous business activities in the District of Delaware. Specifically, DocuSign is incorporated in the state of Delaware and provides its full range of services to residents in this District. As described below, DocuSign has committed acts of patent infringement giving rise to this action within this District.

## VENUE

6. Venue is proper in this District under 28 U.S.C. § 1400(b) because DocuSign has committed acts of patent infringement in this District, and DocuSign is incorporated in the state of Delaware. In addition, eSignature has suffered harm in this District.

## PATENT-IN-SUIT

7. eSignature is the assignee of all right, title and interest in United States Patent No. 8,065,527 (the "'527 Patent") including all rights to enforce and prosecute actions for infringement and to collect damages for all relevant times against infringers of the Patent-in-Suit. Accordingly, eSignature possesses the exclusive right and standing to prosecute the present action for infringement of the Patent-in-Suit by DocuSign.

**The '527 Patent**

8. On November 2, 2011, the United States Patent and Trademark Office issued the '527 Patent. The '527 Patent is titled "System and Method for Embedding a Written Signature into a Secure Electronic Document." The application leading to the '527 Patent was filed on March 16, 2007. A true and correct copy of the '527 Patent is attached hereto as Exhibit A.

9. The '527 Patent is valid and enforceable.

10. The invention claimed in the '527 Patent relates to a system and method for embedding a written signature into a secure electronic document. Ex. A at 1:43-44.

11. The inventors wanted to embed a written signature into a secure electronic document in a digitized format in order to retain all of the unique benefits of a written signature, while enabling signed documents to be simply and easily electronically transmitted between remote locations. *Id.* at 3:1-5.

COUNT I: INFRINGEMENT OF THE '527 PATENT

12. eSignature incorporates the above paragraphs herein by reference.

13. **Direct Infringement.** DocuSign has been and continues to directly infringe at least claim 1 of the '527 Patent in this District and elsewhere in the United States, by providing a method, for example DocuSign's program, for embedding a written signature into a secure electronic document.

14. DocuSign sells, offers for sale in the United States, and imports into the United States, the program.

15. DocuSign's program performs the step of forming a placeholder electronic document containing content to be attested to by a signature. For example, DocuSign's program forms a placeholder electronic document containing content to be attested by a signature, by requesting the user to either select or upload a document. *See* Figure 1.



*Figure 1. DocuSign's program forms a placeholder electronic document containing content to be attested by a signature, by requesting the user to either select or upload a document.*

16. DocuSign's program performs the step of selecting a signing individual from a signer list. For example, DocuSign's program allows users to select a signing individual from a list, which is generated from a contact list or by entering the names of the signing individuals. See Figure 2.



*Figure 2. DocuSign's program allows users to select a signing individual from a list, which is generated from a contact list or by entering the names of the signing individuals.*

17. DocuSign's program performs the step of placing a signature tag into the placeholder electronic document at a selected signature location, wherein the signature tag is associated with the signing individual and defines the signature location within the placeholder electronic document for the signing individual to sign. For example, DocuSign's program allows users to tag themselves and other recipients and sign the document. *See* Figure 3.





*Figure 3. DocuSign's program allows users to tag themselves and other recipients and sign the document.*

18.     DocuSign's program performs the step of securing the placeholder

electronic document to form the secure electronic document having content configured to be uneditable. For example, DocuSign's program allows users to lock the signed document and prevent others from changing the document. *See* Figure 4.



*Figure 4. DocuSign's program allows users to lock the signed document and prevent others from changing the document.*

19.     DocuSign's program performs the step of sizing an unsigned signature bounding box on a signature capture device based on a type of the signature tag at the signature location, wherein the signature bounding box is displayed independently of a display of the secure electronic document. For example, DocuSign's program allows users to resize a tag by clicking on it and dragging the corner of the tab. *See* Figure 5.



*Figure 5. DocuSign's program allows users to resize a tag by clicking on it and dragging the corner of the tab.*

20.     DocuSign's program performs the step of capturing a signature with the signature capture device within the signature bounding box as the signature is written by the signing individual, the signature capture device being configured to enable the

signing individual to write the signature to be embedded into the secure electronic document at the signature location indicated by the signature tag to mimic a real world experience of signing paper documents. For example, DocuSign's program allows users to draw their signature on a separate screen using their fingers or a stylus. *See* Figure 6.



*Figure 6. DocuSign's program allows users to draw their signature on a separate screen using their fingers or a stylus.*

21.     **Induced Infringement**. DocuSign has also actively induced, and continues to induce, the infringement of at least claim 1 of the '527 Patent by actively inducing its customers, including merchants and end-users to use DocuSign's program in an infringing manner as described above. Upon information and belief, DocuSign has specifically intended that its customers use its program in a manner that infringes at least claim 1 of the '527 Patent by, at a minimum, providing access to, support for, training

and instructions for, its program to its customers to enable them to infringe at least claim 1 of the '527 Patent, as described above. Even where performance of the steps required to infringe at least claim 1 of the '527 Patent is accomplished by DocuSign and DocuSign's customer jointly, DocuSign's actions have solely caused all of the steps to be performed.

22. eSignature is entitled to recover damages adequate to compensate it for such infringement in an amount no less than a reasonable royalty under 35 U.S.C. § 284.

23. eSignature will continue to be injured, and thereby caused irreparable harm, unless and until this Court enters an injunction prohibiting further infringement.

### JURY DEMAND

24. Under Rule 38(b) of the Federal Rules of Civil Procedure, eSignature respectfully requests a trial by jury on all issues so triable.

### PRAYER FOR RELIEF

WHEREFORE, eSignature asks this Court to enter judgment against DocuSign USA, Inc., granting the following relief:

A. A declaration that DocuSign has infringed the Patent-in-Suit;

B. A judgment that DocuSign accounts to eSignature for all infringing activities and other conduct complained of herein;

C. An award of damages to compensate eSignature for DocuSign's direct infringement of the Patent-in-Suit;

D. An order that DocuSign and its officers, directors, agents, servants, employees, successors, assigns, and all persons in active concert or participation with them, be permanently enjoined from infringing the Patent-in-Suit under 35 U.S.C. § 283;

E. A declaration that this case is exceptional, and an award to eSignature of reasonable attorneys' fees, expenses and costs under 35 U.S.C. § 285;

F. An award of prejudgment and post-judgment interest; and

G. Such other and relief as this Court or jury may deem proper and just.

Respectfully submitted,<br>/s/ Stamatios Stamoulis<br>Counsel for Plaintiff

Stamatios Stamoulis (#4606)
Two Fox Point Centre
6 Denny Road, Suite 307
Wilmington, DE 19809
(302) 999-1540
Stamoulis@swdelaw.com

Richard C. Weinblatt (#5080)
Two Fox Point Centre
6 Denny Road, Suite 307
Wilmington, DE 19809
(302) 999-1540
Weinblatt@swdelaw.com

Isaac Rabicoff
(*Pro Hac Vice Admission Pending*)
RABICOFF LAW LLC
73 W Monroe St
Chicago, IL 60603
773.669.4590
isaac@rabilaw.com

Kenneth Matuszewski
(*Pro Hac Vice Admission Pending*)
RABICOFF LAW LLC
73 W Monroe St
Chicago, IL 60603
(708) 870-5803
kenneth@rabilaw.com